## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY KERSTETTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:20-cv-77-SPB** |
| **v.** | ) | |
| | ) | |
| **GIRARD BOROUGH and** | ) | |
| **BRIAN HUGHSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

This civil rights lawsuit arises from an incident that occurred on August 17, 2017, when Plaintiff Terry Kerstetter was arrested by Girard Borough police officer Brian Hughson and subsequently charged with driving under the influence of alcohol and driving with a suspended license. Plaintiff has sued Girard Borough and Officer Hughson (collectively, the "Defendants") for the alleged violation of his federal civil rights as well as for alleged malicious prosecution, false arrest, and wrongful use of civil proceedings under Pennsylvania law.

Presently pending before the Court is the Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, the Defendants' motion will be granted as to Plaintiff's federal claims, which will be dismissed with prejudice. The motion will be dismissed as moot relative to Plaintiff's remaining state law claims, which will themselves be dismissed without prejudice to be pursued in state court.

## I.    Background

On August 17, 2017, Plaintiff was employed at Sterling Technologies, a manufacturing plant located in Lake City, Pennsylvania. Compl., ECF No. 1, ¶1. After reporting to work that evening, Plaintiff was summoned by his supervisor and asked to pick up a fellow employee who

was in the process of walking to work from his home in the neighboring community of Girard Borough.  Id. ¶¶12-13.  Plaintiff obliged his supervisor and left the plant in his 2004 BMW to pick up his co-worker.  Id. ¶14.

After driving for approximately forty-five minutes, Plaintiff became lost and decided to ask for directions.  Compl. ¶15.  He followed a vehicle that had pulled into a driveway, first parking behind the vehicle, then backing up and parking next to the vehicle in the driveway.  Id. ¶16.  As Plaintiff rolled down his window in an attempt to make contact, the driver of the other vehicle backed up and drove to a neighboring residence.  Id.  Plaintiff attempted once again to make contact with the driver, who entered the neighboring residence, but he was unable to do so. Id.  At that point, Plaintiff began to search his phone for his supervisor's number so that he could update his supervisor on the situation.  Id. ¶17.

While Plaintiff was seated in his car searching his phone, Officer Hughson pulled up behind Plaintiff, blocked his car, and approached the driver's side of Plaintiff's vehicle.  Compl. ¶17.  At Officer Hughson's direction, Plaintiff produced his identification and explained that he had been looking for a co-worker and but had gotten lost.  Id. ¶18.  Officer Hughson instructed Plaintiff to exit and walk to the rear of his vehicle, which Plaintiff did.  Id. ¶19.  Officer Hughson then handcuffed Plaintiff, placed him in his police car, and remarked that Plaintiff could afford a DUI because of the car he was driving.  Id. ¶20.

After taking Plaintiff to the Girard police department, Officer Hughson fingerprinted Plaintiff and purported to administer a breathalyzer.  Compl. ¶¶21-22.  He directed Plaintiff to sign a piece of paper, then returned Plaintiff to Sterling Technologies and released Plaintiff to the custody of his supervisor.  Id. ¶¶25-26.

On August 22, 2017, Officer Hughson filed a three-count criminal complaint, charging Kerstetter with:  driving under the influence of alcohol while incapable of driving safely, 75 Pa. C.S. §3802(a)(1) (Count I); driving under the influence of alcohol with a BAC of .16% or higher, 75 Pa. C.S. §3802(c) (Count II); and driving while operating privileges have been suspended or revoked, 75 Pa. C.S. §1543(a) (Count III).  Compl. ¶27.  In an information filed on November 27, 2017, the charges were subsequently modified such that the DUI at Count II was withdrawn and the DUI at Count I became an ungraded misdemeanor/second offense, rather than a misdemeanor of the first degree/first offense, as originally charged.  Id. ¶28.

During Plaintiff's criminal trial it was established that Officer Hughson was not certified, as of August 17, 2017, to conduct a breathalyzer test.  Compl. ¶30.  Officer Hughson claimed that the Pennsylvania State Police had administered the test, but no testimony of any state trooper was presented on behalf of the Commonwealth to corroborate this fact, and the state police had no record of Plaintiff being present at its barracks or being tested on August 17, 2017.  Id. ¶¶31-32.  According to Plaintiff, Officer Hughson falsified his report by indicating that Plaintiff had been taken to the Pennsylvania State Police barracks and had refused to undergo chemical testing.  Id. ¶¶33-34.

In a verdict rendered on April 10, 2018, Plaintiff was convicted of driving while operating privileges are suspended or revoked but acquitted of the DUI offense.  Compl. ¶29.  Plaintiff "believes and therefore avers that he was jailed from February 10, 2018 to April 10, 2018" as a result of the DUI charges filed by Officer Hughson on August 22, 2017.  Compl. ¶35.

Based on the foregoing events, Plaintiff filed a three-count complaint against Girard Borough and Officer Hughson, suing the latter in both his official and individual capacities.  In Count I of the complaint, Plaintiff asserts claims under 42 U.S.C. §1983 based upon the alleged

violation of his Fourth Amendment and Fourteenth Amendment rights.  Compl. ¶¶36-45.

Plaintiff's Fourth Amendment claims appear to be predicated upon theories of malicious

prosecution and an "objectively unreasonable seizure."  Id. ¶¶42-43.[1]  His Fourteenth

Amendment claim appears to be based on conduct that "shocks the conscience" in violation of

his substantive due process rights. Id.  Plaintiff avers that Officer Hughson's actions were

"consistent with the policy, custom, and practice of the Girard Borough, and/or its officers and

officials, to seize persons, conduct interrogation and chemical testing without a basis to do so,

and to specifically deprive citizens of their constitutionally protected rights, by [providing] its

officers with out[-]dated and/or no[n]-functioning and/or non-certified testing equipment, as a

pretext to charge individuals with refusing chemical testing."  Id. ¶41.  Elsewhere, Plaintiff

alleges that Girard Borough's failure to properly train and supervise Officer Hughson resulted in

the deprivation of his federal rights. Id. ¶43.

In Count II of the complaint, Plaintiff asserts §1983 claims against both Defendants for

the alleged violation of his First and Fourth Amendment rights.  Compl. ¶¶ 46-58.  The First

Amendment claim appears to be predicated upon the theory that Officer Hughson restricted

Plaintiff's protected speech and/or retaliated against him for asking directions and for driving a

BMW.  Id. ¶¶ 52, 54.  Plaintiff's Fourth Amendment claims appear to reassert theories of false

arrest and malicious prosecution.  Id. ¶¶47-53, 56-57.   Plaintiff further appears to be reasserting

a substantive due process claim.  Id. ¶58.

---

[1] Plaintiff's complaint contains two sets of averments duplicatively enumerated as Paragraphs 42
and 43.  The Court's citation references the "first" Paragraphs 42 and 43.

In Count III, Plaintiff asserts state law claims sounding in malicious prosecution, false arrest, and wrongful use of civil proceedings.  These claims are asserted only against Officer Hughson.

Defendants filed the pending motion to dismiss, along with a supporting brief, on June 12, 2020.  ECF Nos. 5, 6.  Several days later, they filed an errata to the motion, appending portions of the court record from Plaintiff's unrelated criminal proceedings in Crawford County, Pennsylvania.  ECF No. 8.  Plaintiff filed his brief in opposition to the motion on July 6, 2020.  ECF No. 9.  The issues have now been sufficiently joined and the motion is ripe for resolution.

## II.    Standard of Review

When considering a Rule 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted).  In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

When analyzing a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605

F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 993)).  Here, Defendants have submitted portions of Plaintiff's criminal docket from other, unrelated proceedings in Crawford County.  Because these exhibits are matters of public record, they may properly be considered by the Court in connection with the pending motion.

## III.   Discussion

### A.   *Plaintiff's Federal Claims*

#### 1.   Claims Against Officer Hughson

Plaintiff's federal claims in this case are asserted pursuant to 42 U.S.C. § 1983, which provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States." In order to establish a viable §1983 claim against Officer Hughson, Plaintiff must show that the latter, while acting under color of state law, violated one or more of his federal constitutional or statutory rights.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Because Plaintiff has not pled a plausible and actionable violation of his federal civil rights, his claims against Officer Hughson must be dismissed.

#### a.) *Duplicative Claims*

As a preliminary matter, Defendants move for the dismissal of duplicative claims.  Based upon the Court's review of the Complaint, it does appear that Plaintiff is asserting duplicative malicious prosecution, false arrest, and substantive due process claims in Counts I and II.

Accordingly, the malicious prosecution, false arrest, and substantive due process claims set forth in Count II will be dismissed as redundant.

### b.) Claims Precluded by the "More Specific Provision" Rule

Defendants also move for the dismissal of Plaintiff's substantive due process claim on the grounds that Plaintiff's grievance is covered by a more specific constitutional protection.  The United States Supreme Court has instructed that, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)(discussing *Graham v. Connor,* 490 U.S. 386, 394 (1989)); *see Tingey v. Gardner*, 827 F. App'x 195, 198 (3d Cir. 2020).

In this case, the gravamen of Plaintiff's substantive due process claim is his allegedly unlawful detention, arrest, and prosecution at the hands of Officer Hughson.  Because this grievance finds more specific protection under the rubric of the Fourth Amendment, Plaintiff's substantive due process claim will be dismissed.

### c.) Claims That Are Time-Barred

Defendants move for the dismissal of Plaintiff's First Amendment claims as well as his Fourth Amendment claim for false arrest on the ground that those claims are time-barred.  "The length of the statute of limitations for a §1983 claim is governed by the personal injury tort law of the state where the cause of action arose."  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  In Pennsylvania, personal injury claims are subject to a two-year statute of limitation.  *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)).

Although state law governs the applicable statute of limitations, "[t]he accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *see also Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) ("[T]he accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period."). Federal law provides that "a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634 (internal quotations and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120, (1979)). The inquiry is an objective one; courts consider "not what the plaintiff actually knew but what a reasonable person should have known." *Id.* (citation omitted).

Here, Plaintiff acknowledges and concedes that his Fourth Amendment false arrest and First Amendment claims are time-barred. It is clear from the face of the complaint that Plaintiff's false arrest claim arises out of Officer Hughson's actions on August 17, 2017. His First Amendment claims are likewise predicated on the events of August 17, 2017 or -- at the latest -- August 22, 2017 when Officer Hughson filed criminal charges. Plaintiff was aware of his injuries on those dates. *See Alexander v. Fletcher*, 367 F. App'x 289, 290-91 (3d Cir. 2010) (holding that a § 1983 false arrest claim began to accrue on the date of the plaintiff's arrest); *Hynoski v. Columbia Cty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 560 (M.D. Pa. 2013) ("[A] First Amendment retaliation claim would have accrued after any individual act which was intended to punish the person exercising their First Amendment rights."). Because Plaintiff did not file this action until April 9, 2020 (more than two years after the incident in question), his

First Amendment and Fourth Amendment false arrest claims are now time-barred. *See Wisniewski v. Fisher,* 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

### d.) *Plaintiff's Federal Malicious Prosecution Claim*

Defendants also move for the dismissal of Plaintiff's Fourth Amendment malicious prosecution claim, which involves the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (alteration in the original)). Defendants maintain that the second element is lacking and, therefore, the claim is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486-87. Defendants further contend that Plaintiff has not pled facts to establish the fifth element of his malicious prosecution claim. Because this latter argument is dispositive, the Court need not consider Defendants' first basis for dismissal.

In order to establish a viable Fourth Amendment malicious prosecution claim, a plaintiff must allege a deprivation of his liberty, consistent with the concept of a "seizure," *as a*

*consequence of the challenged legal proceeding.  See Halsey*, 750 F.3d at 296–97; *Johnson*, 477 at 82.  That is because "[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (citation omitted).  "Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." *Id.* (holding that no "seizure" resulted where plaintiffs were issued only a summons and did not have to post bail).  Here, however, Plaintiff has not alleged that he was subjected to a bond or other onerous, non-custodial pretrial conditions.  Instead, he alleges two instances of detention and/or confinement, neither of which supports a claim for malicious prosecution on the part of Officer Hughson.

      First, Plaintiff alleges that he was detained for "several hours" on August 17, 2017 after being arrested and before being released to his supervisor's custody.  Compl. ¶67.  But this temporary detention occurred *prior to* the commencement of legal process, as Officer Hughson did not file his criminal complaint until August 22, 2017.  *See* Compl. ¶27.  Thus, any damages Plaintiff experienced as a result of his "seizure" on August 17, 2017 are compensable -- if at all -- through a claim for false arrest rather than a claim for malicious prosecution.  *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process — when, for example, he is bound over by a magistrate or arraigned on charges."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more."); *Noviho v. Lancaster Cty. of Pennsylvania*, 683 F. App'x 160, 166 (3d Cir. 2017) ("The dividing line between false

arrest/imprisonment claims and malicious prosecution claims is the initiation of legal process.");

*McCormack v. Livergood*, 353 F. Supp. 3d 357, 366 (M.D. Pa. 2018) ("No doubt that a plaintiff's

arrest alone is not sufficient to constitute a seizure for purposes of a § 1983 malicious

prosecution claim if it occurred prior to his arraignment."); *Cf. Xenos v. Hawbecker*, 441 F.

App'x. 128, 132 n.5 (3d Cir. 2011) (claims based upon plaintiff's arrest and detention pursuant

to a warrant and criminal information were "more accurately characterized as malicious

prosecution claims than false imprisonment claim); *Taylor v. Officer Joseph Mazzone,* No. CV

15-6682, 2016 WL 4272266, at *4 (E.D. Pa. Aug. 12, 2016) ("Malicious prosecution permits

damages of deprivations of liberty imposed pursuant to legal process only.").  For the reasons

discussed, however, any claim for false arrest predicated on Plaintiff's August 17, 2017 detention

is now time-barred.

Plaintiff, however, also "believes and therefore avers that he was jailed from February 10,

2018 to April 10, 2018" as a result of the DUI charges filed by Officer Hughson.  But this

averment is conclusively belied by the court records that Defendants have submitted in support

of their motion to dismiss.  These public records demonstrate that Plaintiff's confinement was

the result of a bench warrant that was issued by the Crawford County Court of Common Pleas

relative to separate DUI conviction (i.e., Criminal Docket No. 508-2016) for which Plaintiff was

serving a probationary sentence.  ECF No. 8-3 at 1-3.  The bench warrant was issued upon

motion by Plaintiff's supervising probation officer, who alleged that Plaintiff had violated the

terms of his probation and had absconded by moving to another state without permission from

the county probation/parole department.  *Id*.  Although the probation officer referenced

Plaintiff's arrest on August 17, 2017 as *one* basis for alleging that he had violated the terms of

his probationary sentence, numerous other violations were alleged as well, including Plaintiff's

September 2, 2017 arrest by the Pennsylvania State Police in a third DUI case (i.e., Crawford County Court of Common Pleas Docket No. 988-2017).  *Id.*  Court records reveal that Plaintiff was arrested on the Crawford County bench warrant on February 12, 2018, waived his *Gagnon I* hearing, and remained incarcerated until his *Gagnon II* hearing on April 2, 2018, at which time supervision in his 2016 case was terminated.  *See id.* at 3-18.  Plaintiff remained incarcerated in Crawford County and eventually pleaded guilty on May 7, 2018 to the DUI and certain related summary offenses in Case No. 988-2017.  *Id.* at 29-36.  On May 24, 2018, the Crawford County Court of Common Pleas imposed a state sentence of 1 to 5 years' incarceration, *id.*; however, Plaintiff was given credit on his state sentence for all of the time he served between February 12, 2018 and May 23, 2018.  *Id.* at 36, 40.  Based upon these undisputed facts, Plaintiff cannot plausibly show that Officer Hughson's institution of criminal proceedings in the Erie County case resulted in a deprivation of Plaintiff's liberty during the time period alleged in the complaint.  Plaintiff's Fourth Amendment malicious prosecution theory therefore fails to state a cognizable claim under §1983.

### e.) *Further Amendment Futile*

When a district court dismisses a claim under Rule 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).  For the reasons discussed, further amendment of Plaintiff's §1983 claims against Officer Hughson would be futile.  Consequently, further amendment is not warranted.

### 2. Municipal and Official Capacity Claims

Plaintiff has also sued Girard Borough under a putative theory of municipal liability. Based upon the previously identified deficiencies in the complaint, Plaintiff's claims against Girard Borough are also untenable.

To state a claim for municipal liability under §1983, Plaintiff must assert facts that plausibly establish that an official policy, practice, or custom of the Borough was the "moving force" behind the alleged violation of his federal rights. *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-90 (1989); *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981); *Monell v. New York City Dept. of Soc. Servs*., 436 U.S. 658, 691, (1978). It is axiomatic that, in order to state a viable §1983 claim against a municipality, there must be, as a predicate, a violation of the plaintiff's constitutional rights. *Young v. City of Chester, PA*, 764 F. App'x 262, 265 (3d Cir. 2019); *Startzell v. City of Phila.*, 533 F.3d 183, 204 (3d Cir. 2008) (citation omitted).

Here, Plaintiff has not adequately alleged a predicate Fourth Amendment violation at the hands of Officer Hughson based on malicious prosecution, nor has he alleged a plausible substantive due process violation. Accordingly, Plaintiff cannot state a viable municipal liability claim under §1983 against Girard Borough based upon these untenable predicate theories.

To the extent Plaintiff is asserting First Amendment claims and a Fourth Amendment false arrest claim against Girard Borough, these claims are subject to dismissal because they are untimely. The U.S. Court of Appeals for the Third Circuit has indicated that, when a plaintiff's municipal liability claims under §1983 are secondary to actions taken by a municipal officer, the discovery rule does not toll the limitations period relative to the municipal claims, provided that the plaintiff is aware at the time of the misconduct that the officer was employed by the municipality. *See Leonard v. City of Pittsburgh*, 570 F. App'x 241, 245 (3d Cir. 2014) (declining

to toll plaintiff's §1983 claim against the City of Pittsburgh where "[t]he injuries Leonard alleges involving the City [were] secondary to the true injury -- the actions taken by [a Pittsburgh police officer]. Leonard knew of her injury by [the officer], and—importantly—she knew that he was a police officer employed by the City in June 2008.  Exercising reasonable diligence, she could have discovered at that time a potential *Monell* claim against the City."). Plaintiff has already conceded that his First Amendment and Fourth Amendment false arrest claims against Officer Hughson are untimely.  Based upon the allegations in the complaint, Plaintiff plainly knew or should have known at the time of his arrest that Officer Hughson was employed by Girard Borough.  Accordingly, his claims against Girard Borough stemming from his detention and arrest accrued as of August 17, 2017.  Any municipal claims stemming from the filing of criminal charges accrued as of August 22, 2017.  Because Plaintiff asserted his First Amendment and Fourth Amendment false arrest claims against Girard Borough more than two years after that date, those claims are now time-barred.

For these same reasons, Plaintiff's claims against Officer Hughson in his official capacity cannot survive the Defendants' motion.  Official capacity claims are, in essence, claims against the employing municipality.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Therefore, as the claims against Girard Borough must be dismissed, so too must Plaintiff's official capacity claims against Officer Hughson.

### B.  Plaintiff's State Law Claims

The Court having decided to dismiss Plaintiff's federal claims, the only remaining causes of action are Plaintiff's putative state law claims.  The Court's sole basis for exercising subject matter jurisdiction over these claims is Congress's grant of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Absent extraordinary circumstances, a federal court may decline to exercise

supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Robert W. Mauthe, M.D., P.C. v. Optum Inc*., 925 F.3d 129, 135 (3d Cir.), *cert. denied*, 140 S. Ct. 563, 205 L. Ed. 2d 358 (2019).  Because no extraordinary circumstances are present in this case that would counsel in favor of this Court exercising supplemental jurisdiction, the Court will dismiss any remaining state law claims without prejudice to Plaintiff's right to pursue those claims in state court.

## IV.    Conclusion

Based upon the foregoing reasons, the Defendants' motion will be granted as to Plaintiff's federal claims and dismissed as moot with respect to Plaintiff's state law claims.  The latter claims will be dismissed without prejudice so that Plaintiff may litigate them in state court.

An appropriate order follows.

Susan Paradise Baxter
United States District Judge